# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIDE MINISTRIES, NFP, et. al., | § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:20-CV-00402<br>Judge Mazzant |
| JONATHAN DEMASTER, et. al | § § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Disqualify Jennifer Breedon as Counsel for Jonathan DeMaster (Dkt. #41). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be **DENIED**.

### BACKGROUND

This case arises from the alleged theft and disclosure of Bride Ministries' confidential information by Defendants Jonathan DeMaster ("DeMaster") and Jennifer Breedon ("Breedon"). Bride Ministries hired DeMaster to assist with its website and to offer technical support. DeMaster signed an employment contract with Bride Ministries where he agreed not to disclose Bride Ministries' confidential information. After a few months of working, Duval, the director of Bride Ministries, fired DeMaster.

After DeMaster was fired, Breedon—DeMaster's wife—sent a slideshow to Todd Edwards, a board member of Bride Ministries. The slideshow contained Bride Ministries' confidential and proprietary information, which DeMaster purportedly shared with Breedon. The slideshow included Bride Ministries' donor information, contractor information, tax documents, and copyrighted materials. The slideshow also included screenshots of the contents of Bride

Ministries' SYNC drive—a server containing copies of all of Bride Ministries' confidential and proprietary information.

On August 7, 2020, Plaintiffs filed the present Motion (Dkt. #41). On August 20, 2020, Defendants filed their Response (Dkt. #53). Plaintiffs did not file a Reply.

## LEGAL STANDARD

The Fifth Circuit has "made clear that 'disqualification cases are governed by state and national ethical standards adopted by the court.'" *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992)). In the Fifth Circuit, when considering disqualification of an attorney, district courts generally rely upon the following: (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *Ayus v. Total Renal Case, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999). Beyond the various rules and codes identified above, "[a] court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976) (citing *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–65 (2d Cir. 1973)).

In the Eastern District, "the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court." Eastern District of Texas, Local Rule AT–2. In Texas, disqualification is a "severe remedy." *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989). Motions to disqualify are subject to an exacting standard both to protect a

party's right to counsel of choice as well as to discourage the use of such motions as a "dilatory trial tactic." *Id.*

## ANALYSIS

Plaintiffs ask this Court to disqualify Breedon as counsel for DeMaster. In support of their request, Plaintiffs contend that Breedon's representation of DeMaster violates Texas Rules of Professional Responsibility 1.06 and 3.08. Further, Plaintiffs argue that Breedon's representation of DeMaster violates ABA Model Rule 3.7.

Defendants argue five reasons as to why Plaintiffs' motion should be denied: (1) there is no conflict of interest between Breedon and DeMaster and Breedon has never represented Plaintiffs in any prior case; (2) Breedon's potential testimony at trial as a co-party for the same claims as her client does not require disqualification…especially during the pre-trial pleading and discovery stages; (3) Plaintiffs' arguments that Breedon violated the Rules of Professional Conduct and caused "actual prejudice" against Plaintiffs with her representation are groundless with no factual basis; (4) Plaintiffs knew Breedon might provide testimony in a future trial as a party, and she has given Plaintiffs substantial information that her disqualification would result in severe and substantial hardship on DeMaster; and (5) Plaintiffs' attempts to disqualify Breedon at this stage are the very definition of dilatory trial tactics to harass and threaten Defendants into settlement.

### I.     Texas Rule of Professional Responsibility 1.06

Texas Rule of Professional Responsibility 1.06 prohibits a lawyer from representing a person "if the representation of that person: involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client…or reasonably appears to be or become adversely limited by the lawyer's…responsibilities to another client or to a third person or by the lawyer's…own interests." TEX. DISCIPLINARY RULES PROF'L

3

CONDUCT R. 1.06(b).  However, a lawyer may still represent a client in the above–described circumstances if "(1) the lawyer reasonably believes the representation of each client will not be materially affected; and (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any."  TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(c).

Plaintiffs do not analyze why Breedon's representation of DeMaster violates Rule 1.06.  Although there is a suggestion that a conflict of interest exists, it is clear to the Court that subsection (c)'s exception applies.

Defendants note that "Ms. Breedon and Mr. DeMaster's interests in the current case are aligned" (Dkt. #53 at p. 10).  Breedon and DeMaster are co-defendants, and Defendants therefore assert that there is no conflict of interest in Breedon's representation of DeMaster.  Further, neither party alleges that DeMaster opposes Breedon representing him.  The Court therefore finds that the exception to the general conflict–of–interest rule is invoked and satisfied, and Breedon's representation of DeMaster does not violate Rule 1.06.

## II. Texas Rule of Professional Responsibility 3.08

Texas Rule of Professional Responsibility 3.08(a) states that "a lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client…."  TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a).  The general rule is then followed by five exceptions.  The party seeking disqualification must show that it will suffer actual prejudice if the opposing lawyer is allowed to act as both attorney and witness.  *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004).

Plaintiffs claim that Breedon is a necessary witness to establish an essential fact within Plaintiffs' claims. Further, Plaintiffs claim that no other material witnesses exist that can testify to essential facts within this case—thus making disqualification of Breedon appropriate. *See Domain Prot., LLC v. Sea Wasp, LLC,* Civil Action No. 4:18-CV-00792, 2019 U.S. Dist. LEXIS 190496, at *13 (E.D. Tex. Nov. 4, 2019). According to Plaintiffs, Breedon has already attempted to analyze the law as a witness within her declaration filed with this Court, she has asserted claims that correlate and often repeat the same evidence and information which is encompassed within DeMaster's declaration, and she will be attesting to the invalidity of DeMaster's consulting agreement and his alleged claims of being a whistleblower. As a result, Plaintiffs allege, these concepts are prejudicial to them because they convolute and distort Breedon's credibility as a witness. Plaintiffs also claim that if the Court allows Breedon to serve in both capacities, their ability to effectively cross-examine her will be prejudiced and the fact finder would be convoluted and confused regarding the evidence in the case.

Defendants do not dispute that Breedon's potential future testimony at trial would include necessary and essential information. However, Defendants condition that concession on the fact that the testimony would be directly related to Breedon's status as a party in the case. Defendants argue that no actual prejudice results to Plaintiffs from Breedon acting as both an advocate and a witness. Defendants claim that Plaintiffs named Breedon as a party and thus expected her to potentially testify regardless of whether her testimony would also relate to the claims against DeMaster. Defendants also note that the case has not yet proceeded to a trial stage and Breedon has not yet been designated as a trial witness—rendering any future potential prejudice

inconsequential[1]. The Court analyzes the arguments of the parties under Rule 3.08 with the understanding that disqualification is a severe remedy.

The Court first notes that the language of Rule 3.08(a) includes both pre-trial and trial phases of a case. Rule 3.08(a) prohibits a lawyer from taking a case "before a tribunal in a contemplated or pending adjudicatory proceeding" when the lawyer knows or believes the lawyer will be a necessary witness. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a). The "contemplated or pending" language does not limit the proceedings to the trial phase as Defendants have argued. Defendants appear to derive this argument from Rule 3.08(c)—noting that the "lawyer shall not take an active role before the tribunal in the presentation of the matter" if the "lawyer to be called as a witness could not also serve as an advocate under this Rule[.]" TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(c). However, looking at the plain language of subsection (a), the Court finds that the Rule applies equally to all stages of a case—pretrial, trial and even post–trial. Absent an exception, Breedon's representation of DeMaster violates this Rule because Breedon's testimony at trial will have necessary and essential information.

Defendants next argue that the exception found in 3.08(a)(5) is satisfied, thus allowing Breedon to serve as DeMaster's counsel. Rule 3.08(a)(5) allows a lawyer to continue representation of a client in light of pending testimony if "the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(5).

Comment seven to the Rule states that "[a]part from [the exceptions in 3.08(a)(1)–(4)], sub-paragraph (a)(5) recognizes an additional exception based upon a balancing of interests of the

---

[1] Defendants have also agreed to waive both attorney-client and spousal privilege in this case if Breedon is allowed to remain as counsel for DeMaster.

client and those of the opposing party." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, n.7. Apart from the substantial hardship imposed on the client, the exception in (a)(5) requires the lawyer relying on the exception to give timely notification to opposing counsel that the lawyer will be serving as both an advocate and witness. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(5). The notification serves two purposes: (1) to "prevent the testifying lawyer from creating a 'substantial hardship' where none once existed, by virtue of a lengthy representation of the client in the matter at hand" and (2) the notification "puts opposing parties on notice of the situation, thus enabling them to make any desired response at the earliest opportunity." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, n.7. Both purposes deal with fair notice and ensuring the least amount of prejudice to the other party.

      Plaintiffs knew Breedon might provide testimony in a future trial as a party—they named her as one from the beginning of the litigation. In fact, Plaintiffs raised concerns about what Breedon's testimony might be in the case. Defendants claim Breedon gave Plaintiffs substantial information that her disqualification would result in severe and substantial hardship on DeMaster. According to Defendants, Plaintiffs have been told multiple times that Breedon and DeMaster do not have the financial resources to retain counsel for a federal case in Texas. Further, Defendants allege that Plaintiffs know that DeMaster's main source of income is providing local and breaking morning news in Wisconsin, that DeMaster has four young children that he cares for a majority of the time, that DeMaster was unable to retain counsel in Texas, and that the Wisconsin-area firms refuse to take DeMaster's case because it is in Texas. Defendants claim that Plaintiffs are aware that DeMaster has struggled financially for several years while taking care of his children. According to Defendants, if Breedon is disqualified, DeMaster will have to represent himself in this action.

The Court notes that Plaintiffs had notice of Breedon's potential roles as both advocate and witness. In fact, Plaintiffs seek to disqualify her on those grounds. The purpose of the first prong of the exception in Rule 3.08(a)(5) is therefore satisfied, despite Breedon not affirmatively notifying opposing counsel of the possibility of serving in both capacities. The Court also finds that DeMaster would suffer a substantial hardship if Breedon were to be disqualified due to the circumstances laid out by Defendants. Thus, the Court declines to disqualify Breedon under Rule 3.08(a).

### III.    ABA Model Rule 3.7

ABA Model Rule 3.7 provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." MODEL RULES OF PROF'L CONDUCT r. 3.7(a). One exception to the Rule 3.7 prohibition is "disqualification of the lawyer would work substantial hardship on the client." MODEL RULES OF PROF'L CONDUCT r. 3.7(a)(3). As analyzed above, the disqualification of Breedon will serve a substantial hardship on DeMaster. The Court therefore finds that disqualification of Breedon is inappropriate under Rule 3.7.

The Court, after considering the applicable Rules and arguments of counsel, find that Plaintiffs have not proven actual prejudice resulting from Breedon's representation of DeMaster. Further, the Court finds that the hardship on DeMaster would be substantial if the Court disqualified Breedon. Thus, the Court declines to disqualify Breedon as DeMaster's counsel at this time.

### CONCLUSION

It is therefore **ORDERED** Plaintiffs' Motion to Disqualify Jennifer Breedon as Counsel for Jonathan DeMaster (Dkt. #41) is hereby **DENIED**.

**SIGNED this 21st day of October, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE