# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

BRIDE MINISTRIES, NFP, et. al.,  §
§
    *Plaintiffs*, §
§
§      CIVIL ACTION NO.  4:20-CV-00402
v. §
§      Judge Mazzant
JONATHAN DEMASTER, et. al §
§
    *Defendants*. §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiffs' Emergency Motion to Quash and Stay Oral Depositions, Duces Tecum, to Abate all Depositions for Ninety Days, to Set Deposition Times and Locations, and for Sanctions Pursuant to Fed. R. Civ. P. 45 (Dkt. #59).  Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be **DENIED**.

## BACKGROUND

This case arises from the alleged theft and disclosure of Bride Ministries' confidential information by Defendants Jonathan DeMaster ("DeMaster") and Jennifer Breedon ("Breedon").
[1] Bride Ministries hired DeMaster to assist with its website and to offer technical support. DeMaster signed an employment contract with Bride Ministries where he agreed not to disclose Bride Ministries' confidential information.  After a few months of working, Duval, the director of Bride Ministries, terminated DeMaster's employment.

After DeMaster was fired, Breedon—DeMaster's wife—sent a slideshow to Todd Edwards, a board member of Bride Ministries.  The slideshow contained Bride Ministries'

---

[1] The Court is aware the Breedon is using her married name, DeMaster, to conduct official court business.  For consistency, the Court will continue to refer to Mrs. DeMaster as Breedon.

confidential and proprietary information, which DeMaster purportedly shared with Breedon.  The slideshow included Bride Ministries' donor information, contractor information, tax documents, and copyrighted materials.  The slideshow also included screenshots of the contents of Bride Ministries' SYNC drive—a server containing copies of all of Bride Ministries' confidential and proprietary information.

On September 17, 2020, Plaintiffs filed the present motion (Dkt. #59).  On September 19, 2020, Defendants filed their response (Dkt. #61).  On September 24, 2020, the Court issued an Order granting in part Plaintiffs' motion and quashed the challenged subpoenas (Dkt. #62).  The Court reserved ruling on the remainder of Plaintiff's motion (Dkt. #62).[2]

## LEGAL STANDARD

 Federal Rule of Civil Procedure 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."  FED. R. CIV. P. 45(d)(1).

The Court looks to several factors to determine whether a subpoena imposes an undue burden on the party subject to the subpoena, including: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."  *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818

---

[2] In their motion, Plaintiffs seek to abate all depositions for ninety days and for the Court to set deposition times and location.  However, the parties have reached an agreement as to the times of the depositions.  Further, at the November 19, 2020 hearing, the Court noted that it would not require DeMaster to attend an in-person deposition, thus resolving any outstanding issues regarding depositions.  The Court therefore only addresses the sanctions request in the motion.

(5th Cir. 2004).  However, the existence of an undue burden does not, alone, allow for sanctions against the issuing party.  *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 459 (N.D. Tex. 2015).  Rather, the issuing party must not have "take[n] reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

## ANALYSIS

Plaintiffs ask this Court to impose sanctions—either in the amount of $10,000 or in reasonable attorneys' fees for having to prepare and argue the present motion—on Breedon pursuant to Federal Rule of Civil Procedure 45(d)(1).  In support of that request, Plaintiffs assert that Breedon has conducted herself in a harassing, unprofessional, and obnoxious way in abusing the subpoena and judicial process.  Plaintiffs offer various examples of alleged misconduct by Breedon, including: (1) Breedon unilaterally chose dates without regard, empathy, or professionality to the Nacol Law Firm's docket, Plaintiffs' schedules, or the third parties' schedules; (2) Breedon requested Duces Tecum for specific information that she is enjoined from possessing; and (3) Breedon sent an email to Julian Nacol stating that he was "obstructing justice" and intentionally implied that Julian Nacol told Plaintiffs to dodge service of subpoenas.

Breedon responds that Plaintiffs' sole purpose throughout the litigation has been to destroy and harass Defendants.  Further, Breedon claims that "[a]t the time Plaintiffs' filed their motion, Plaintiffs had refused to confer and negotiate Mr. and Mrs. DeMaster's proposed discovery/protective orders and [Plaintiffs] stated they refused to conduct depositions until the Court disqualified the DeMasters' legal counsel" (Dkt. #61 at p. 4).  Breedon asserts that Plaintiffs are simply trying to "obtain a financial 'payout' to force the [Defendants] into bankruptcy and 'exhausted compliance'" (Dkt. #61 at pp. 7–8).

3

The Court quashed the three subpoenas challenged in Plaintiff's motion (Dkt. #62). However, "Rule 45(d)(1) does not require that the Court impose sanctions any time that it modifies or quashes a subpoena as overbroad or imposing some undue burden but rather where the party issuing the subpoena failed to take reasonable steps to avoid imposing some undue burden or expense on a person subject to the subpoena." *Andra Group, LP*, 312 F.R.D. at 459.   The Court will consider each subpoena individually to determine whether Breedon failed to take those reasonable steps.

### 1. Daniel Duval

No facts indicate that Breedon did not take reasonable steps to avoid imposing an undue burden or expense on Duval.  Although the Court quashed the subpoena issued to Duval, Breedon did attempt to alleviate some of the burden the subpoena placed on Duval by scheduling the deposition via video conference rather than in-person.  Further, Breedon did not seek irrelevant documents or an unreasonable amount of information from Duval.  Breedon sought various pieces of information, including: (1) the email from Todd Edwards where in Edwards forwarded the PowerPoint PDF that Breedon sent to Edwards, as well as the exact PDF attached to the email; (2) any W9 information from DeMaster submitted with his service for Bride; (3) the purported PDF authored by Breedon that was emailed to Edwards on April 9, 2020, that was filed with the Court under seal at the hearing for the emergency preliminary injunction on May 28, 2020; (4) all 2019 financial transactions between Bride and Bride's disqualified persons pursuant to the Internal Revenue Code and US federal law; (5) all Form 990 information and financial records for Bride from 2019 pursuant to US federal law mandating that tax exempt organizations provide all 990 information upon request to the public; (6) all donations and tax-exempt contributions amounts from non-disqualified persons to Bride between August 2019 and August 2020; and (7)

notification letter from the Internal Revenue Service ("IRS") designating Bride as a "church" or any IRS notification making any determination as to the "church" status of Bride.  Where Breedon sought information subject to the Court's preliminary injunction, she noted that the information would be kept confidential in accord with the Court's order.  Further, with information not covered by the preliminary injunction but nonetheless confidential, Breedon pointed Duval to the proposed protective order filed with the Court.

Breedon scheduled a virtual deposition of Duval, sought documents relevant to her and her client's defense, and gave Duval approximately a month to prepare for the deposition.  Breedon did not blatantly disregard any Court order or seek information without proper assurances that confidentiality would be strictly maintained.  The only undue burden claimed by Plaintiffs is that Duval travels for the ministry and less than one month's notice is not reasonable considering all the circumstances—an undue burden that cannot support sanctions.  Sanctions on Breedon are therefore inappropriate regarding the subpoena issued to Duval.  *See Id.* (finding sanctions inappropriate when Defendant sought relevant documents, offered to limit the scope of the requests, and the third party failed to meet its burden to show undue burden other than some requests being facially overbroad).

### 2.  **Christian Karega**

No facts indicate that Breedon did not take reasonable steps to avoid imposing an undue burden or expense on Karega.  As with Duval, Breedon attempted to schedule Karega's deposition via video conference with a month to prepare.  Further, Breedon did not seek the production of any documents from Karega.  Plaintiffs have not shown any burden on Karega other than Breedon failed to consider Karega's traveling scheduling.  Thus, sanctions on Breedon are inappropriate regarding the subpoena issued to Karega.  *See Id.*

### 3.  Todd Edwards

No facts indicate that Breedon did not take reasonable steps to avoid imposing an undue burden or expense on Edwards.  Breedon did schedule Edwards's deposition in-person and for approximately one week after the subpoena was issued.  However, the deposition was scheduled in Wisconsin—the state in which Edwards resides.  Further, Breedon gave the option for Edwards to appear virtually so long as he contacted Breedon by September 19th, 2020.  Breedon offered Edwards a reasonable alternative that would likely alleviate at least some of the scheduling burden Breedon placed on Edwards.

Similar to Duval, Breedon also required Edwards to produce various documents, including: (1) the unedited PDF attachment that Breedon emailed to Edwards on April 9, 2020; (2) Edwards's email forwarding the PDF to Dual with the date and attachment provided; and (3) the Zoom phone call download, unedited, of the video Zoom call on April 5, 2020 between Edwards and Breedon under Edwards's Consortiex Zoom account.  Two of these three documents were also requested of Duval and are relevant to Breedon's defense.  The Zoom phone call download is between Edwards and Breedon, and, considering the allegations made by Plaintiffs, is also highly likely to be relevant to a defense.  Breedon did not request irrelevant documents that would then place a burden on Edwards.

Breedon scheduled an in-person deposition of Edwards to take place approximately one week after the issuance of the subpoena.  Edwards had a trip scheduled that week and could not appear in person.  However, Breedon also gave Edwards the opportunity to appear virtually.  Breedon further requested relevant documents.  Considering all the circumstances, sanctions on Breedon are inappropriate regarding the subpoena issued to Edwards.  *See Id.*

The Court quashed Breedon's subpoenas.  However, no facts indicate that Breedon did not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED. R. CIV. P. 45(d)(1).  *Some* undue burden does not necessarily equate to a *sanctionable* undue burden.  *See Andra Group, LP*, 312 F.R.D. at 459.  Breedon did not confer and schedule depositions at a time most opportune for those subject to the subpoenas; however, she did take reasonable steps to attempt to assuage the burdens she did impose.  The Court therefore finds that sanctions against Breedon would be inappropriate with regard to the subpoenas issued to Duval, Karega, and Edwards.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Emergency Motion to Quash and Stay Oral Depositions, Duces Tecum, to Abate all Depositions for Ninety Days, to Set Deposition Times and Locations, and for Sanctions Pursuant to Fed. R. Civ. P. 45 (Dkt. #59) is hereby **DENIED**.

**SIGNED this 1st day of December, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE